Sanyang v Davis (2022 NY Slip Op 03090)

Sanyang v Davis

2022 NY Slip Op 03090

Decided on May 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 10, 2022

Before: Renwick, J.P., Mazzarelli, Gesmer, González, JJ. 

Index No. 28415/19E Appeal No. 15925 Case No. 2021-03582 

[*1]Demba Sanyang, et al., Plaintiffs-Appellants,
v
Eddie Leroy Davis Jr., et al., Defendants-Respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellants.
Gallo Vitucci Klar LLP, Woodbury (Dylan R. Prior of counsel), for respondents.

Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered on or about April 7, 2021, which, to the extent appealable, denied plaintiffs' motion for leave to renew defendants' cross motion to disqualify plaintiff's counsel, unanimously affirmed, without costs.
This personal injury action stems from an automobile accident that took place on June 28, 2019. At the time of the accident, plaintiff-wife, Fatou Darbo-Sanyang, was driving, with plaintiff-husband, Demba Sanyang, seated in the front passenger seat of their car. They were travelling southbound on Bruckner Blvd., heading towards the Southern Blvd. intersection, when her car was allegedly struck in the rear by a tractor-trailer truck operated by defendant Eddie Leroy Davis Jr. The truck was owned by defendant ELD Driver Service LLC. In November 2019, plaintiffs moved for partial summary judgment on liability, arguing that defendant driver's negligence was the sole proximate cause of the accident. Besides opposing plaintiffs' motion, defendants cross-moved to disqualify plaintiffs' counsel for representing b0th the husband and wife, citing conflict-of-interest grounds. By an order entered October 19, 2021, this Court affirmed the motion court's denial of plaintiffs' motion for partial summary judgment on liability because the parties' conflicting versions of the accident presented issues of fact as to which driver was negligent and the proximate cause of the accident (Sanyang v Davis, 198 AD3d 522 [1st Dept 2021]). By the same order, this Court also affirmed the grant of defendants' cross motion to disqualify plaintiffs' counsel, because "plaintiffs' interests in this action are not necessarily in accord, [and] counsel failed to obtain written consent from both plaintiffs prior to his dual representation of them, as is required (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.7 [b] [4]])" (id.).
This appeal concerns the denial of plaintiffs' motion for leave to renew and reargue the aforementioned Supreme Court order granting defendants' cross motion to disqualify plaintiffs' counsel based on a potential conflict of interest between plaintiff driver (Demba Sanyang ) and plaintiff passenger (Darbo-Sanyang). In support of the instant motion, plaintiffs submitted an affidavit of Darbo-Sanyang consenting to the joint representation, but they failed to explain why that affidavit was not submitted on the prior motion. The motion court providently exercised its discretion in denying plaintiffs' motion. Plaintiffs failed to explain why they did not provide Darbo-Sanyang's affidavit in connection with the initial motion other than to state that it was "inadvertent" (see Gibbs v Kings Harbor Health Servs., LLC, 190 AD3d 586, 587 [1st Dept 2021]).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 10, 2022